1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY R. TURNER,

11              Plaintiff,                    No. 2: 10-cv-1848 MCE KJN P

12        vs.

13   WARDEN SALINAS, et al.,

14              Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for injunctive relief

18   filed October 12, 2010.  For the following reasons, the undersigned recommends that this motion

19   be denied.

20   Legal Standard for Injunctive Relief

21              "The proper legal standard for preliminary injunctive relief requires a party to

22   demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

23   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

24   injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

25   2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

26              A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale

1

approach or "serious questions" test survives "when applied as part of the four-element <u>Winter</u>

test." <u>Alliance for Wild Rockies v. Cottrell</u>, 2010 WL 3665149, at * 5 (9th Cir. Sept. 22, 2010).

"In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply

toward the plaintiff can support issuance of an injunction, assuming the other two elements of the

<u>Winter</u> test are also met." <u>Id.</u>

In cases brought by prisoners involving conditions of confinement, any

preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

harm the court finds requires preliminary relief, and be the least intrusive means necessary to

correct the harm." 18 U.S.C. § 3626(a)(2).

<u>Discussion</u>

This action is proceeding on the amended complaint filed August 24, 2010, as to

defendants Vertinelli, Hall and Colon.[1]  The pending motion for injunctive relief is, basically, a

restatement of the claims contained in the amended complaint, including those that were

dismissed.  Plaintiff may not seek injunctive relief regarding the claims that have been dismissed.

Accordingly, the undersigned will only consider the motion for injunctive relief to the extent it

concerns the claims on which this action is proceeding.

As in the amended complaint, plaintiff alleges that following his arrival at the

Deuel Vocational Institution ("DVI"), defendant Vertinelli placed him in a lock-up unit from

May 5, 2010, to June 9, 2010.  As in the amended complaint, plaintiff alleges that defendant Hall

retaliated against him for his legal activities.  In particular, plaintiff alleges that from May 8,

2010, to May 26, 2010, defendant Hall denied plaintiff access to daily showers.  Plaintiff alleges

that from May 5, 2010, to June 26, 2010, defendant Hall denied plaintiff access to personal mail.

As in the amended complaint, plaintiff alleges that on June 25, 2010, defendant Colon slammed a

---

[1] On September 7, 2010, the claims against the remaining defendants were dismissed with leave to amend.  Plaintiff did not file a second amended complaint.  Instead, plaintiff chose to proceed with the claims found colorable against defendants Vertinelli, Hall and Colon.

1    cell door on plaintiff.

2          The misconduct plaintiff complains of in the pending motion for injunctive relief

3    occurred in May 2010 and June 2010.  Plaintiff does not allege that he has been subjected to any

4    more recent or ongoing harassment by these defendants.  Under these circumstances, the

5    undersigned finds that plaintiff has not demonstrated that he is likely to suffer irreparable harm in

6    the absence of injunctive relief.  On this ground, the motion for injunctive relief should be

7    denied.

8          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for

9    injunctive relief (Dkt. No. 22) be denied.

10          These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

12   one days after being served with these findings and recommendations, plaintiff may file written

13   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

16   F.2d 1153 (9th Cir. 1991).

17   DATED:  October 28, 2010

18

19

20                          _____
                            KENDALL J. NEWMAN
21                          UNITED STATES MAGISTRATE JUDGE

22   tur1848.pi

23

24

25

26

                                        3