1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANTHONY R. TURNER,

11          Plaintiff,                No. 2: 10-cv-1848 MCE KJN P

12      vs.

13   WARDEN SALINAS, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel, with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Pending before the court are three motions filed by plaintiff.

18          On March 18, 2011, plaintiff filed a motion for a writ of mandamus.  In this

19   motion, plaintiff alleges that he was recently transferred to California State Prison-Corcoran

20   ("Corcoran").  Plaintiff alleges that prison officials at Corcoran have violated his constitutional

21   rights.  Plaintiff seeks an order prohibiting Corcoran prison officials from violating his

22   constitutional rights.

23          No defendants are located at Corcoran.  This court is unable to issue an order

24   against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v.

25   Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).  Accordingly, plaintiff's motion for a writ of

26

mandate is denied.[1]

On March 23, 2011, plaintiff filed a motion to file a supplemental claim. Plaintiff's proposed supplemental complaint, attached to his motion, appears to include only the claims the court found colorable against defendants.  In other words, the proposed supplemental complaint contains no supplemental claims.  Because it is unclear how plaintiff is attempting to supplement his complaint, this motion is denied.

On March 28, 2011, plaintiff filed a motion to compel.  Plaintiff alleges that defendants failed to respond to his request for production of documents.  In their opposition, defendants argue that plaintiff's motion should be denied because a response to plaintiff's request for production of documents is not yet due.  Defendants state that plaintiff served his request on March 7, 2011.  Pursuant to the January 21, 2011 discovery and scheduling order, discovery responses are due forty-five days after the request is served.  Defendants correctly state that their response to plaintiff's request for production of documents is due on April 21, 2011.

Plaintiff's motion to compel is denied because it was filed before defendants' response was due.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for a writ of mandate (Dkt. No. 45) is denied;

2.  Plaintiff's motion to file a supplemental claim (Dkt. No. 47) is denied;

3.  Plaintiff's motion to compel (Dkt. No. 48) is denied.

DATED:  April 25, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tur1848.ord(3)

---

[1]  In the motion for writ of mandate, plaintiff alleges that he was recently transferred to Corcoran and is being denied access to his legal property.  Plaintiff's recent filings suggest that he now has access to his legal property.  After reviewing plaintiff's entire motion, the undersigned does not find that use of the All Writs Act to order Corcoran prison officials to respond to plaintiff's allegations is warranted.