IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

    Plaintiff,                      No. 2: 10-cv-1848 MCE KJN P

    vs.

WARDEN SALINAS, et al.,         <u>ORDER AND</u>

    Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the undersigned recommends that defendant Vertinelli be dismissed from this action.

        On September 22, 2010, the court ordered the United States Marshal to serve the complaint on defendants. On February 16, 2011, process directed to defendant Vertinelli was returned unserved because he was not employed at the prison listed on the USM 285 form. Service was also ineffective because defendant Vertinelli's name was not contained on the California Department of Corrections and Rehabilitation Locator ("CDCRL") list. Accordingly, on February 23, 2011, the court granted plaintiff sixty days to provide additional information to serve this defendant.

////

1

On April 27, 2011, plaintiff submitted the forms necessary to serve defendant Vertinelli. On May 12, 2011, the court ordered the United States Marshal to serve this defendant. On May 25, 2011, process directed to defendant Vertinelli was again returned unserved. Service was again ineffective because defendant Vertinelli was not employed at the prison listed on the USM 285 form and his name was not contained on the CDCRL list.

The address provided by plaintiff for defendant Vertinelli on April 27, 2011 is the same address that plaintiff originally provided. Under these circumstances, it appeared that service of defendant Vertinelli could not be effected. Accordingly, on June 9, 2011, plaintiff was ordered to show cause within twenty-one days why defendant Vertinelli should not be dismissed. Plaintiff did not respond to the show cause order. For the reasons discussed above, the undersigned recommends that defendant Vertinelli be dismissed.

On June 3, 2011, the court received from plaintiff a motion to compel defendants to produce the "true" identity of defendant Vertinelli. In the motion to compel, plaintiff also seeks a subpoena directing the warden and director of the California Department of Corrections and Rehabilitation ("CDCR") to produce records concerning the sergeants who worked at DVI on May 5, 2010. It is not entirely clear when, pursuant to the mailbox rule, plaintiff filed this motion. However, plaintiff signed his motion on May 27, 2011.

On June 8, 2011, defendants filed an opposition to plaintiff's motion to compel. Defendants argue that the motion to compel is untimely because, pursuant to the January 21, 2011 scheduling order, discovery closed on May 13, 2011.

Plaintiff's motion to compel is denied because it is untimely. In making this finding, the undersigned observes that process directed to defendant Vertinelli was returned unserved in February 2011. As discussed above, the USM-285 form returned by the United States Marshal stated that defendant Vertinelli was not employed at the prison listed by plaintiff on the form and that "per CDCRL, not listed." Rather than engaging in timely discovery to locate defendant Vertinelli or identify the "true" identify of this defendant, on April 27, 2011,

plaintiff instead provided the same ineffective address for service of defendant Vertinelli as he originally provided. Because plaintiff had adequate opportunity to conduct timely discovery regarding the location and/or "true" identify of defendant Vertinelli, the motion to compel is denied as untimely.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Dkt. No. 63) is denied; and

IT IS HEREBY RECOMMENDED that defendant Vertinelli be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tur1848.57