IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY R. TURNER, | | No. 2:10-cv-1848 MCE KJN P |
| | Plaintiff, | |
| vs. | | ORDER SETTING SETTLEMENT CONFERENCE |
| WARDEN SALINAS, et al., | | |
| | Defendants. | |
| _____/ | | |

      Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 9, 2012, the court issued an order requiring the parties to inform the court whether a settlement conference should be set.  On June 21, 2012, plaintiff's counsel filed a motion for a settlement conference indicating that the parties had conferred regarding whether a settlement conference should be set in this matter, and that counsel for all parties agree that a settlement conference should be set.  The parties request that the settlement conference be set for the week of August 13 - 17, 2012.  However, due to unavailability of the settlement judges during that week, the settlement conference will be set for 9:00 a.m. on October 19, 2012, at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25, before the undersigned.

////

Parties will be required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than August 6, 2012.  If parties file notice of non-waiver of disqualification, a randomly selected Magistrate Judge will be assigned to conduct the settlement conference on a date and time to be determined by the court.

A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on October 19, 2012, at 9:00 a.m., at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #25.

2. Parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than August 6, 2012.  If parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will conduct the settlement conference on a date and time to be determined by the court.

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

        5.  The parties are directed to exchange non-confidential settlement conference statements seven days prior to this settlement conference.  These statements shall be simultaneously delivered to the Court using the following email address: kjnorders@caed.uscourts.gov.  If a party desires to share additional confidential information with the Court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

        6.  The pretrial conference currently set for October 18, 2012, is vacated and reset for November 1, 2012, at 2:00 p.m., in Courtroom #7 before the Honorable Morrison C. England, Jr.  The parties shall file their final pretrial conference statement no later than October 23, 2012.

DATED: July 9, 2012

_____  
KENDALL J. NEWMAN  
UNITED STATES MAGISTRATE JUDGE

turn1848.med

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,

      Plaintiff,                     No. 2:10-cv-1848 MCE KJN P

     vs.

WARDEN SALINAS, et al.,

      Defendants.              Waiver of Disqualification

_____/

        Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Newman participate in the settlement conference scheduled for October 19, 2012.  To the extent the parties consent to trial of the case before the assigned Magistrate Judge, they waive any claim of disqualification to the assigned Magistrate Judge trying the case thereafter.

                                                                    _____
                                                                    By:
                                                                        Attorney for plaintiff

                                                                    Dated:_____

                                                                  _____
                                                                    By:
                                                                        Attorney for defendant

                                                                    Dated:_____