UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. TURNER, | No. 2: 10-cv-1848 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| WARDEN SALINAS, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 4, 2014, this action was dismissed pursuant to stipulation by the parties. In the stipulation, the parties stated that they had reached a negotiated settlement.

    On September 29, 2014, plaintiff himself filed a pleading titled "motion for levy against settlement agreement." (ECF No. 177.) Plaintiff requests that the court "preserve" his right to appeal any illegal or unethical fraud, theft, embezzlement, etc., that defendant may engage in with regard to the settlement. Plaintiff also alleges that following his transfer to Salinas Valley State Prison ("SVSP"), he was assaulted by a prison guard and his visits with his family have been illegally restricted. Plaintiff also alleges that his legal mail has been tampered with.[1]

---

[1] On October 9, 2014, defendant filed an opposition to plaintiff's September 29, 2014 motion. (ECF No. 17.) In relevant part, defendant states that settlement documents were not finalized and received by defendant until August 27, 2014. Defendant states that the settlement agreement included a statement that the California Department of Corrections and Rehabilitation ("CDCR")

1

Because plaintiff is represented by counsel, he may communicate with the court only through his counsel.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, plaintiff's counsel shall inform the court whether plaintiff's September 29, 2014 "motion for levy of settlement agreement" may be disregarded or whether counsel intends to file additional briefing in support of plaintiff's motion;

2. The Clerk of the Court is directed to serve a copy of this order on plaintiff Anthony Turner, CDCR # G27511, Salinas Valley State Prison, P.O. Box 1050, Soledad, California, 93960.

Dated:  October 16, 2014

Tur1848.ord

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

would make a good-faith effort to pay the settlement within 180 days of plaintiff delivering to defendant the settlement documents.  Defendant states that barely a month has passed since those documents were returned to defendant and CDCR is still processing plaintiff's settlement payment.  Defendants also correctly observe that plaintiff is free to pursue a separate legal action regarding his claims that prison officials at SVSP are violating his constitutional rights as these claims are unrelated to the instant action.